**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

RASZELL REEDER,

                Plaintiff,

    v.                                                No. 09-CV-575
                                                          (DNH/CFH)

ARTUS et al.,

                Defendants.

---

**APPEARANCES:**                            **OF COUNSEL:**

RASZELL REEDER
Pro Se Plaintiff
94-A-6388
Upstate Correctional Facility
Post Office Box 2001
Malone, New York 12953

HON. ANDREW M. CUOMO                  ADRIENNE J. KERWIN, ESQ.
Attorney General for the                       Assistant Attorney General
   State of New York
Attorney for State Defendants
The Capitol
Albany, New York 12224-0341

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff pro se Raszell Reeder ("Reeder"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, four DOCCS employees,[2] violated

---

    [1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

    [2] By Decisions and Orders dated September 9, 2010 and October 15, 2012, thirty-four named defendants have already been dismissed from the present action. Dkt. Nos. 78, 98

his constitutional right to be free from excessive force under the Eighth Amendment. Compl. (Docket No. 1). Presently pending is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 41(b) and N.Y.N.D.L.R. 41.2(a) for failure to prosecute. Dkt. No. 105. Reeder has not responded to the pending motion. For the following reasons, it is recommended that defendants' motion for dismissal be granted.

## I. Failure to Respond

Reeder did not oppose defendants' motion. "[J]udgment should not be entered by default against a pro se plaintiff who has not been given any notice that failure to respond will be deemed a default." Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996). While defendants did not provide such notice in their pending motion, the Court has specifically warned Reeder of the possibility of the pending motion and the consequences of failing to prosecute this action. In the Court's February 6, 2013 order, the undersigned outlined that Fed. R. Civ. P. 41(b) allows for dismissal where a plaintiff refuses to prosecute his or her case, citing examples, and instructing Reeder to engage in further court conferences and abide by court orders or else risk such noncompliance as "grounds for dismissal," of his case. Dkt. No. 100 (hereinafter "February 6 Order"). Moreover, in the Court's February 21, 2013 order, which granted defendants' request to file a motion to dismiss, the Court specifically stated that Reeder "should be advised that if defendants' motion to dismiss is granted by this Court it will preclude [Reeder] from ever seeking to recover based on any of the allegations set for[th] in the complaint dated May 12, 2009." Dkt. No. 104 (hereinafter February 21 Order"). Despite such notice, Reeder failed to respond. Because Reeder has not responded to raise any question of material fact, the facts as set forth by defendants

2

are accepted as true. See Cusamano v. Sobek, 604 F. Supp. 2d 416, 452-453, 453 n.48 (N.D.N.Y. 2009); see also N.D.N.Y.L.R. 7.1(a)(3) ("The Court shall deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert.") (emphasis in original).

## II. Background

On May 18, 2009, Reeder commenced this action while incarcerated at Clinton Correctional Facility. Compl. As relevant to the pending motion, defendants' answered the complaint on October 23, 2009. Dkt. No. 59. On December 2, 2009, defendants' submitted a partial motion for judgment on the pleadings which was granted in part and denied in part. Dkt. Nos. 65, 77, 78. Following discovery, defendants' filed a motion for summary judgment which was again granted in part and denied in part. Dkt. Nos. 88, 96, 98. Reeder's sole remaining claim against defendants is that he was subjected to excessive force on April 22, 2009. Dkt. No. 96 at 2-7.

On January 30, 2012, the Court ordered that a telephone conference be held on February 6, 2013. Dkt. No. 99. During that conference, the Court was informed that, despite receiving notification of the conference, Reeder refused to exit his cell and participate. The February 6 Order at 1. The Court the rescheduled the telephone conference for February 20, 2013, informing Reeder that "[f]ailure to participate in that conference may lead to dismissal of the case pursuant to Fed. R. Civ. P. 41." Id. at 1-2.

On February 12, 2013, the Court received a letter from Reeder indicating that he "refuse[d] to participate at [the] telephone conference . . . ." and requested that his action be discontinued. Dkt. No. 102. The following day the Court issued another order directing

3

Reeder's attendance at the phone conference during which his concerns regarding discontinuing the case would be addressed. Dkt. No. 103. On February 20, 2013, Reeder, despite receiving the various orders and notifications, again refused to leave his cell and participate. The February 21 Order at 1-2. At the conclusion of that conference, the Court filed a written order granting defendants' permission to make the instant motion. Id. at 2. Additionally, the February 21 Order advised Reeder that such a motion, if granted, would result in the dismissal of his complaint and preclusion of litigation of these claims. Id.

### III. Discussion

Fed. R. Civ. P. 41(b) provides that a court may dismiss an action based upon the failure of a plaintiff to prosecute, comply with an order of the court, or notify the court of a change of address. See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995) ("The district court also has the power under Fed.R.Civ.P. 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute.") (citations omitted); MTV Networks v. Lane, 998 F. Supp. 390, 393 (S.D.N.Y.1998); see also N.D.N.Y.L.R. 41.2 (b) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceed[] diligently, the assigned judge shall order it dismissed."). Since a Rule 41(b) dismissal is a "harsh remedy," it is "appropriate only in extreme circumstances." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Furthermore, where the plaintiff is pro se, "courts 'should be especially hesitant to dismiss for procedural deficiencies. . . .'" Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998) (quoting Lucas, 84 F.3d at 535); see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477(2006). To determine whether dismissal for failure to prosecute is appropriate,

4

courts should consider:

> 1) the duration of plaintiff's failures; 2) whether plaintiff had received notice that further delays would result in dismissal; 3) whether the defendant is likely to be prejudiced by further delay; 4) a balancing of the need to alleviate court calendar congestion with a party's right to due process; and 5) the efficacy of lesser sanctions.

See Patterson v. Newspaper & Mail Deliverers' Union of N.Y. & Vicinity, 884 F. Supp. 869, 872 (S.D.N.Y. 1995); Stoenescu v. Jablonski, 162 F.R.D. 268, 270 (S.D.N.Y.1995).

Before even evaluating the five factors enunciated above, it is important to note that Reeder requested a voluntary dismissal of his case. Given the procedural posture, namely it being trial ready, the Court attempted to compel his appearance to discuss moving forward and Reeder blatantly ignored these requests.

When evaluating the aforementioned five factors, all compel dismissal. Throughout the past several months, Reeder's failures have been ongoing and in the face of multiple court orders directing compliance. Reeder was advised through multiple judicial notices of the pendency of court conferences, the importance of his attendance, and the consequences should he fail to participate. For example, The February 6 Order outlined that Reeder's "[f]ailure to participate . . . may lead to dismissal of the case pursuant to Fed. R. Civ. P. 41." Reeder was thus on notice that his continued failures could result in dismissal of the action. Reeder specifically received the Court's notifications and defiantly disregarded them. While the duration of Reeder's failure has been less than four months, See N.D.N.Y.L.R. 41.2(a) ("[T]he plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."), the failure has been substantial and no end to the inaction appears in sight. Accordingly, dismissal is appropriate.

5

The prejudice to defendants from Reeder's continued failures results primarily from the inability of defendants to conclude the present litigation. Defendants have diligently defended the instant action, filing two motions which have been successful in dismissing the majority of the defendants from the case. Now that final trial preparations are upon the parties, Reeder's refusal to participate in pretrial court conferences and move the litigation towards its final stage results in defendants being held in a state of flux.

The need to alleviate court calendar congestion also compels dismissal. This case, which is not unduly complex, has been pending for almost four years. The guideline for completion of cases in this district is eighteen months. See N.D.N.Y. Gen. Order 25 (directing the timely progression of civil actions). With this delay must also be balanced Reeder's right to due process. Reeder's right to due process has been scrupulously honored here. He has received multiple opportunities to attend the pretrial conference, which was also scheduled and rescheduled in deference to Reeder's pro se status. Despite the multiple court orders, which were received, Reeder has still failed to participate meaningfully in the instant action. Thus, in these circumstances, the balance of these factors weighs in favor of the need to alleviate court congestion.

Against this must be balanced the efficacy of lesser sanctions than dismissal. Courts have "broad discretion to enforce discovery obligations and may, in appropriate circumstances, use the extreme sanction of a default judgment . . . ." United States v. Aldeco, 917 F.2d 689, 690 (2d Cir. 1990) (citations omitted); Fed. R. Civ. P. 37(d). As discussed supra, Reeder received adequate notice concerning the consequences of his failures and, thus, the only question that remains is whether the sanction of dismissal is appropriate. Reeder has continually failed to comply with court orders. As previously

6

discussed, multiple compulsion orders were entered against him. This clearly had no impact on Reeder's determination not to cooperate as he blatantly disregarded the orders. See Brokenleg v. Shute, No. 12-CV-407 (MAD/DEP), 2012 WL 3745723, at *2-3 (N.D.N.Y. July 20, 2012) (discussing dismissal pursuant to Fed. R. Civ. P. 41 and determining that plaintiff's failure to comply with multiple court notifications to provide a status report, along with the other factors, compelled dismissal) (Dkt. No. 105-3)[3]. Moreover, lesser sanctions are insufficient to address the prejudice to defendants. Monetary sanctions would be empty gestures in light of Reeder's in forma pauperis status. Given the procedural posture of the case, trial preparations need to be completed and without Reeder's cooperation the case cannot continue.

Consideration of these factors, therefore, compels the conclusion that dismissal of the action affords the only reasonable method of addressing Reeder's repeated and ongoing failures to fulfill his obligations to prosecute this case. Reeder has been given repeated opportunities to fulfill those obligations, yet has regularly failed to do so. No meaningful alternative but dismissal is left.

Accordingly, defendants' motion for dismissal pursuant to Fed. R. Civ. P. 41 should be granted. Alternatively, for the same reasons articulated above, defendants' motion for dismissal should also be granted pursuant to N.D.N.Y.L.R. 41.2(a).

---

[3] Defendants have attached this unreported case to their motion to dismiss. While defendants included a copy of the case from the LexisNexis database, the Court utilizes Westlaw. Accordingly, while the actual citation between the two databases may differ, the actual case and its content are identical.

### IV. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion to dismiss (Dkt No. 105) be **GRANTED** and that this action be **DISMISSED** in its entirety as to all claims and all defendants.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: March 26, 2013
       Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge